IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM D. ZITTERKOPF II,<br><br>Plaintiff,<br><br>vs.<br><br>DENNY A. TURNER, DARLA SIMPSON, and JENNIFER ZITTERKOPF,<br><br>Defendants. | **4:24CV3144**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Darla Simpson's Motion to Dismiss (Filing No. 9).  Ms. Simpson has moved to dismiss Plaintiff's claims against her, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the reasons set forth below, Defendant's motion will be granted.

On its own motion, the Court also considers whether it has subject-matter jurisdiction over the claims against the remaining defendants, Denny A. Turner and Jennifer Zitterkopf.[1]  For the reasons explained below, the Court will dismiss the case in its entirety due to lack of subject-matter jurisdiction over all of Plaintiff's claims.

## BACKGROUND

Plaintiff, who is proceeding *pro se* in this case, brings claims against Defendants Denny A. Turner ("Mr. Turner"), Darla Simpson ("Ms. Simpson"), and Jennifer Zitterkopf ("Ms. Zitterkopf") for acts related to the trial for dissolution of Plaintiff's marriage to Ms. Zitterkopf. (Filing No. 1 at 2.)  This trial occurred on August 17, 2020, in the District Court of Scotts Bluff County. (Filing No. 1 at 2; Filing No. 7 at 2.)

The claims against Defendants articulated in the Complaint can be summarized as follows: Plaintiff alleges Ms. Zitterkopf fabricated evidence and presented this evidence at the dissolution

---

[1] "[T]he federal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*."  *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764, n.2 (8th Cir. 2001).

trial, and these "fraudulent acts" violated his "fundamental rights" by depriving him of custody and visitation rights with his child.  (Filing No. 1 at 2-3, 5-6.)  Mr. Turner, who is Ms. Zitterkopf's father, allegedly contacted Plaintiff's employer using the alias "Jack Freck" to acquire Plaintiff's financial information, which was also presented as evidence at the dissolution trial.  (Filing No. 1 at 2-4; Filing No. 7 at 2.)  Plaintiff alleges Mr. Turner's actions constituted "criminal impersonation under applicable federal and state law."  (Filing No. 1 at 4.)  Finally, Plaintiff alleges Ms. Simpson, who is the District Court Clerk in Scotts Bluff County, Nebraska, engaged in the unauthorized practice of law and breached her fiduciary duty by instructing Mr. Turner to provide the state court with written objections to Plaintiff's "Praecipes for Subpoenas."  (Filing No. 1 at 4.)

In support of jurisdiction, Plaintiff's Complaint alleges, "This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it involves federal law claims, including fraud, criminal impersonation, and unauthorized practice of law."  (Filing No. 1 at 2.)  Plaintiff also alleges he and all the defendants named in the action are residents of Nebraska, and the amount in controversy exceeds $75,000.00.  (Filing No. 1 at 1, 6.)

## DISCUSSION

This Court will initially note that the plaintiff bears the burden of establishing subject-matter jurisdiction.  *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).  Plaintiff has failed to respond to Defendant Darla Simpson's Motion to Dismiss, which challenges this Court's jurisdiction over Plaintiff's claims against her.  Regardless, after reviewing the allegations in the Complaint, the Court finds it lacks subject-matter jurisdiction over Plaintiff's claims.

Pro se litigants, such as Plaintiff, are held to "a lesser pleading standard than other parties[,]" and their complaints must be "liberally construed."  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).  If the "essence" of a pro se litigant's allegation is "discernible," although not pled with "legal nicety," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).  However, pro se complaints must still contain factual allegations that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

2

Even when liberally construed, Plaintiff's Complaint, on its face, fails to adequately plead facts that establish this Court's jurisdiction over his claims. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, civil actions must satisfy the federal question jurisdiction requirements under 28 U.S.C. § 1331 or the diversity of citizenship jurisdiction requirements under 28 U.S.C. § 1332 to establish original jurisdiction. *See Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 817 (8th Cir. 2009). In this case, Plaintiff cannot establish either. Plaintiff's claims do not arise under federal law nor is there complete diversity of citizenship. Therefore, this case will be dismissed in its entirety.

## 1.      Federal Question Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 is proper when a plaintiff asserts a claim asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The federal court's jurisdiction must affirmatively appear clearly and distinctly in the complaint; the mere suggestion of a federal question is insufficient to establish the court's jurisdiction under 28 U.S.C. § 1331. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Here, even when liberally construed, the Complaint does not clearly or distinctly establish the federal court's jurisdiction under 28 U.S.C. § 1331 because the factual allegations therein do not support any claim against any defendant arising under federal law.

Plaintiff appears to assert claims of fraud and a "fundamental rights" violation against Ms. Zitterkopf. However, common law fraud claims arise under state law. *Kechum v. Lakeview Loan Serv. LLC*, No. 40:25-CV-512-DGK, 2025 WL 1932177, at *1 (W.D. Mo. July 14, 2025) (finding a lack of federal question jurisdiction where the plaintiff's complaint alleged common law fraud). The Complaint does not contain any allegations indicating how Plaintiff's claim of fraud arises under a federal statute, the Constitution, or treaties of the United States, justifying federal question jurisdiction. Moreover, to the extent that Plaintiff alleges the violation of his "fundamental rights" (presumably referencing his constitutional rights or other federal rights), such a claim can only be pursued against a state actor, which Ms. Zitterkopf, an individual with no pled connection to the

state or government, is not.  *See Black Bear v. Lingren*, 5:23-CV-5049-RAL, 2024 WL 1299079, at \*14 (D. S.D. Mar. 27, 2024).

Plaintiff alleges a claim for criminal impersonation against Mr. Turner, which would, as indicated by the Complaint's characterization of the act, be a crime.  Plaintiff cannot prosecute Mr. Turner for a crime as a private citizen.  "Criminal statutes can be enforced only by the proper authorities of the United States Government, such as United States Attorneys."  *Starway v. Zalasky*, No. CIV.01-1929RHKJMM, 2002 WL 371954, at \*2 (D. Minn. Mar. 7, 2002).  Nor can Plaintiff sue Mr. Turner for allegedly committing a crime.  Federal criminal statutes do not create private causes of action, unless provided otherwise by statute.  *See Hudson v. Wilford*, Civ. No. 16-58 (SRN/JSM), 2016 WL 11486907, at \* 6 (D. Minn. May 11, 2016).  Plaintiff has not pointed to a specific federal statute for criminal impersonation that would afford him a private cause of action, nor would one apply to Plaintiff's allegation that Mr. Turner used an alias to acquire financial information from a private, nongovernment third party.  Moreover, as already discussed above, any common law claim for misrepresentation or fraud against Mr. Turner would be a claim under state law, not federal law.

Plaintiff claims he is entitled to relief against Ms. Simpson due to Ms. Simpson's alleged unauthorized practice of law and breach of fiduciary duty.  (Filing No. 1.)  A common law breach of fiduciary duty claim is also a state law claim.  *See Rehm ex rel. Express Scripts, Inc. v. Bascomb*, Case No. 4:04CV1319 HEA, 2005 WL 8176792, at \*2 (E.D. Mo. May 17, 2005) (finding a lack of federal question jurisdiction where the plaintiff's breach of fiduciary duty did not allege a federal cause of action nor did his allegations rely solely on the interpretation of federal law).  The unauthorized practice of law is also a state law issue, and under Nebraska law, Plaintiff cannot sue Ms. Simpson for the unauthorized practice of law as a private citizen. *See State ex rel. Johnson v. Childe*, 139 Neb. 91, 91, 295 N.W. 381, 383 (1941) (holding only the Nebraska Supreme Court holds the power to punish any person practicing law in Nebraska without a license).

Plaintiff's Complaint fails to present any claim arising under a federal statute, the Constitution, or treaties of the United States, nor do the allegations therein even suggest a federal issue.  Therefore, the Court lacks jurisdiction to hear this case under 28 U.S.C. § 1331.

**2.      Diversity Jurisdiction**

The Court also lacks jurisdiction to hear this case under 28 U.S.C. § 1332.  28 U.S.C. § 1332 requires complete diversity between the parties and an amount in controversy greater than $75,000.00 to establish "diversity of citizenship" jurisdiction.  Complete diversity is satisfied under 28 U.S.C. § 1332 when "the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).  Here, although the amount in controversy is allegedly greater than $75,000.00, the Complaint alleges that each defendant and Plaintiff are residents of Nebraska.  (Filing No. 1 at 1.)  Therefore, complete diversity of citizenship is lacking, and this Court's original jurisdiction cannot be established under 28 U.S.C. § 1332.

**3.      Motion for Default Judgment**

Following the clerk's entry of default against Ms. Zitterkopf (Filing No. 13), Plaintiff moved for default judgment on his claims against Ms. Zitterkopf.  (Filing No. 14.)  Prior to granting a motion for default judgment, the Court is obligated to determine that the moving party is entitled to such judgment.  *Bd. of Trs. of Iron Workers St. Louis Dist. Council Pension Tr. v. KPS Rebar, LLC*, No. 4:23-CV-00044-SRC, 2023 WL 4623055, at *2 (E.D. Mo. July 19, 2023). *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  The Court has done so, and, as explained above, the Court does not have jurisdiction over Plaintiff's claims.  Accordingly, Plaintiff's motion for default judgement will be denied.

Accordingly,

**IT IS ORDERED:**

1.      The Motion for Dismissal (Filing No. 9) is granted.

2.      This case shall be dismissed for lack of subject-matter and original jurisdiction.

3.      Plaintiff's Motion for Default Judgment (Filing No. 14) is denied as moot.

4.      Plaintiff's Motion to Request Ruling (Filing No. 19) is denied as moot.

5

5.      Plaintiff's Notice of Readiness for Decision and Request for Status Update (Filing No. 21) is denied as moot.

6.      Judgment will be entered by separate document.

Dated this 6th day of February, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge